United States District Court
Southern District of Texas
**ENTERED**
September 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IVANOUSKI D.[1], Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-918 |
| U.S. DEPT. OF HOMELAND SECURITY, *et al.*, Respondents. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner Ivanouski D.'s "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" (Dkt. No. 13). Because Petitioner's claim of excessive detention is premature, it is recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) **MOOT** the Motion to Dismiss (Dkt. No. 13), and (3) **DIRECT** the Clerk of Court to close the case.

## I. Background and Procedural History

Petitioner is a citizen of Belarus currently held at the Port Isabel Detention Center in Cameron County, Texas. Dkt. No. 13-1. In February of 2026, Petitioner's Applications for Asylum, Withholding of Removal under INA § 241(b)(3), and Withholding of Removal under the Convention Against Torture were denied. Dkt. No. 13-2 at 1. The Immigration Judge ordered Petitioner removed to Belarus. *Id.* at 3. Petitioner's appeal to the Board of Immigration Appeals was dismissed on July 13, 2026. Dkt. No. 13-3. This dismissal rendered Petitioner's order of removal administratively final on that same date. [2]

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] A removal order becomes "administratively final" under 8 U.S.C. § 1231(a)(1)(B)(i) upon "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the

Petitioner proceeds without a legal representative, and, as such, he receives the benefit of liberal construction of their claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). Petitioner challenges his detention by immigration authorities as a violation of the Fifth Amendment of the U.S. Constitution. Dkt. No. 1 at 6. Construing Petitioner's claims liberally, the Court considers Petitioner's claim one of prolonged detention under *Zadvydas*.[3]

## II. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and, if it "determines…that it lacks subject-matter jurisdiction," it "must dismiss the action," Fed. R. Civ. P. 12(h)(3). One "essential component[]" of "federal subject-matter jurisdiction" is "ripeness." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). For a court to exercise jurisdiction, then, the case "must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

## III. Discussion

Once a removal order becomes final,[4] 8 U.S.C. § 1231 ("§ 1231") authorizes detention of the alien to effectuate removal under two provisions. In the first 90 days (otherwise known as the "removal period"), 8 U.S.C. § 1231(a)(1), the "Attorney General shall detain the alien" under 8 U.S.C. § 1231(a)(2). Once the removal period ends, the source of authorization shifts to § 1231(a)(6), which states that the alien "may be detained" by the

---

period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

[3] Petitioner refers to two provisions of the Immigration and Nationality Act which do not apply to his detention and did not apply at the time he filed this Petition: 8 U.S.C. §§ 1225, 1226. Dkt. No. 1 at 2. Petitioner's original Petition states his appeal to the BIA was dismissed on July 13, 2026. *Id.* Additionally, Petitioner requests his release from immigration custody based upon the length of his detention. *Id*. Because a *Zadvydas* claim raises a constitutional due process issue under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678, 689-90 (2001), the Court considers Petitioner's challenge to his detention a *Zadvydas* claim.

[4] *See infra* note 2.

Attorney General "beyond the removal period." 8 U.S.C. § 1231(a)(6). To ensure § 1231(a)(6) would not lead to constitutionally excessive detention, the Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) construed it to have an implied limit: authorization of detention under § 1231(a)(6) would run out when continued detention "exceeds a period reasonably necessary to secure removal" and removal "is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. The Court, however, also understood that a reasonableness standard, standing alone, would risk too much judicial interference with the Executive's "primacy in foreign policy matters." *Id.* at 701. The Court thus found it "practically necessary" to "limit" its new standard by recognizing a "presumptively reasonable period of detention" of "six months." *Id.*

Pieced together, the *Zadvydas* framework slots claims challenging post-final-removal-order detention into two phases:[5] 1) a six-month period where the statute constitutionally authorizes detention (and *Zadvydas* claims are thus not viable); and 2) a period "after that," in which the alien can seek conditional release under *Zadvydas* "if he can demonstrate there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (quoting *Zadvydas*, 533 U.S. at 701). If a petitioner seeks release from detention in the first phase—the presumptively reasonable

[5] Some district courts in this circuit remain skeptical of this tidy two-phase scheme. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020); *Villanueva v. Tate*, 801 F. Supp. 3d 689 (S.D. Tex. 2025). They suggest that *Zadvydas* prescribes a (rebuttable) presumption of reasonableness during those first six months—and does not, in effect, proscribe claims brought before that period elapses. *See, e.g.*, *Villaneuva*, 801 F. Supp. at 703. Admittedly, *Zadvydas* is not precise about what its presumption means for the first six months. *Zadvydas*, 533 U.S. at 701. But the formulation offered by the Court in and after that case only contemplates petitioners proving their detention is unreasonable after the six-month period ends. *Id.* at 701 ("*After* this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing") (emphasis added); *Clark*, 543 U.S. at 378 ("*after* that [presumptive period], the alien is eligible for conditional release if he can demonstrate…") (emphasis added); *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (same). The Fifth Circuit, though not settling the issue, has issued strong signals of its own. It has described the timing of *Zadvydas* claims in the same terms, *see Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 757 (5th Cir. 2008), approved of district courts dismissing *Zadvydas* claims as "premature" when made during the presumptive period, *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam); *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam), and itself found a *Zadvydas* claim to be "premature" for the same reason, *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

period—his or her claim is not yet ripe.[6] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Kakhidze v. Venegas*, No. 1:25-cv-00136, 2025 WL 2412854, at *3 (S.D. Tex. July 30, 2025), *report and recommendation adopted*, 2025 WL 2411229 (S.D. Tex. Aug. 20, 2025).

Petitioner's order of removal became administratively final on July 13, 2026. In this case, Petitioner has been detained for a little over 60 days following the date his order became administratively final, and, thus, Petitioner's detention period has not yet exceeded the 180-day presumptive period. For this reason, the Petition's claims are not yet ripe, and the Court therefore lacks subject matter jurisdiction to hear this case.

## IV. Recommendation

It is recommended that the Court (1) **DENY** the Petition (Dkt. No. 1),[7] (2) **DENY as MOOT** the Motion to Accepting My Habeas Corpus Petition at Houston District Court,[8] (3) **DENY as MOOT**[9] the Motion to Dismiss (Dkt. No. 13), and (4) **DIRECT** the Clerk of Court to close the case.

## V. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and

---

[6] Whether a claim of unreasonably prolonged detention is offered in statutory or constitutional terms, the result is the same: it is "presumptively *constitutional* for an alien to be detained for six months after a final order of removal." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (emphasis added), and a constitutional challenge to prolonged detention fails unless it meets the standard set by *Zadvydas*, *see Andrade v. Gonzales*, 459 F. 3d 538, 543 (5th Cir. 2006).

[7] Because dismissal for lack of subject matter jurisdiction is without prejudice, Petitioner may file another habeas petition once his claims are ripe. *See Ruiz v. Brennan*, 851 F. 3d 464, 472 (5th Cir. 2017).

[8] Venue is proper in the Brownsville Division of the Southern District of Texas as Petitioner is currently detained in the Port Isabel Detention Center located in Cameron County, Texas. Dkt. No. 2.

[9] Respondents' Motion to Dismiss is a Motion to Dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). Because the Court finds it lacks subject matter jurisdiction to hear this case at this stage, the Court does not consider the Petition under the 12(b)(6) standard of review. For this reason, the Court recommends the Motion to Dismiss be denied as moot.

Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 15, 2026

Karen Betancourt
United States Magistrate Judge